ETHRIDGE, Chief Justice.
Appellant, Mrs. Velma Hester Chism, filed this suit in the Chancery Court of Washington County for a divorce from ap-pellee, William Terry Chism, and for custody of their children, child support and alimony. The grounds for divorce were habitual cruel and inhuman treatment and habitual drunkenness. After denial of the averments of the bill, the husband filed a cross-bill for divorce charging adultery, and sought custody of their children. The chancellor rendered no findings of fact. The final decree denied relief to both of the parties, dismissed the bill and cross-bill, but awarded Mrs. Chism a $400 attorney’s fee, for defense of the cross-bill, and assessed costs against appellee.
The parties were married in 1946. This bill for divorce was filed by Mrs. Chism in 1965. Three children were born to this marriage: Wanda, 18 years of age, a college student, largely emancipated and contemplating marriage shortly after the trial below; Shirley, 14 years of age; and William, age 6. Shirley and William had been in the custody of their mother.
No purpose would be served by a detailed analysis of the testimony. The Court has carefully considered the record, and, taking it as an entirety, we conclude that appellant was entitled to a divorce from her husband on the ground of habitual drunkenness or habitual cruel and inhuman treatment, or on both grounds. Hence the chancery court erred in denying a divorce to her, so its decree is reversed, and judgment is entered here granting a divorce to the appellant.
Further, this cause is remanded to the chancery court for it to make appropriate determinations as to custody of the two younger children, for child support, and alimony, if it finds alimony is proper. We make no findings or adjudications on these issues which are being remanded to the trial court for its initial decision.
Mr. Chism cross-appealed only from the denial to him of custody of the two younger children. Since this cause is being remanded on the custody issue, that question on. remand will be for the determination of the chancery court. Our judgment will recite also an award to Mrs. Chism of $200, one-half of the amount awarded by the chancellor, for the fee of her solicitors. Costs will be taxed against appellee and cross-appellant.
Reversed and judgment entered here awarding appellant a divorce from appel-lee, and remanded on issues of child custody and support, and alimony, if any.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.